## CIRCUIT COURT OF FAIRFAX COUNTY

Gerald W. Emerson

    v.

Zoning Appeals Board
of Fairfax County

Case No. (Law) 154173

Jane W. Gwinn,
Fairfax County
Zoning Administrator

    v.

Gerald W. Emerson

Case No. (Chancery) 147685

February 13, 1998

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon the Petition for a Writ of Certiorari filed by Petitioner Gerald W. Emerson to review and reverse the action taken by the Fairfax County Board of Zoning Appeals ("BZA") and upon the Bill of Complaint for declaratory judgment and injunctive relief filed by Complainant Jane W. Gwinn, Fairfax County Zoning Administrator. At the hearing on September 17, 1997, the Court took under advisement whether Mr. Emerson's operation of a vehicle light service establishment on his property constitutes a lawful nonconforming use.

For the reasons set forth herein, the Court finds that Mr. Emerson's use of his property to operate a vehicle light service establishment is not a

lawful nonconforming use, and the decision of the BZA is affirmed. Accordingly, the injunction sought by the Zoning Administrator is granted.

## I. *Factual Background*

The following facts are derived from the pleadings filed herein, the record provided by the BZA, and the testimony given at the hearing on September 17, 1997. Mr. Emerson is the owner of property that is zoned presently in the residential R-3 district. Mr. Emerson's father acquired this property in 1949, and at that time, it was zoned in the Rural Residential District pursuant to a 1941 zoning ordinance. His property includes a single family detached residence and a detached two-car garage. In the early 1980's, the original one-car garage burned down and was replaced in 1988 with the two-car garage.

On the property Mr. Emerson currently operates what is described by the Fairfax County Zoning Ordinances as a Vehicle Light Service Establishment. He testified before the BZA that both he and his father have repaired motor vehicles on the property from 1949 to the present. In 1969, Mr. Emerson's father moved out of the home, and Mr. Emerson and his family moved into the home. Mr. Emerson continued to repair vehicles on a part-time basis until 1988, when he retired and began to repair vehicles on a full-time basis.

In 1996, the Zoning Administrator received a complaint from one of Mr. Emerson's neighbors regarding this use of the property. The Zoning Administrator conducted an inspection and notified Mr. Emerson that his operation of a vehicle light service establishment was not permitted by the zoning regulations. Mr. Emerson appealed this decision of the Zoning Administrator to the BZA, and a hearing was conducted in June, 1996.

The BZA consists of seven members; however, only five of the seven members were present at the June, 1996, hearing. Although four votes were required to reverse the Zoning Administrator's decision, only three members voted to reverse the decision. Accordingly, the BZA upheld the decision of the Zoning Administrator, and Mr. Emerson petitioned the Court for certiorari to review the decision of the BZA. In August, 1996, the Court issued a Writ of Certiorari.

Upon Court review, Mr. Emerson argues that his use of the property as a vehicle light service establishment is a lawful nonconforming use of the property and that the BZA applied erroneous principles of law in upholding the decision of the Zoning Administrator prohibiting such use. In addition, he argues that the BZA should have delayed his hearing until all of the

voting members were present. In the alternative, Mr. Emerson argues that the equitable doctrine of laches should be applied, as this zoning ordinance has not been enforced as to his property in over forty years.

## II. *Standard of Review*

The standard of review of decisions made by the BZA is well settled:

> The decision of the BZA is presumed to be correct and can be reversed or modified only if the trial court determines that the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinances.

*Foster v. Geller*, 248 Va. 563 (1994).

A party challenging a BZA decision has the burden of proof on these issues, and upon a Writ of Certiorari, the Court's task is to review the propriety of the BZA proceeding. *Id.* Additionally, the party claiming a nonconforming use has the burden of persuasion to prove that such use is a lawful, nonconforming use. Once a locality has shown that a use is not permitted by the zoning ordinances, the burden shifts to the landowner to show the nonconforming use is lawful. *Knowlton v. Browning-Ferris Industries*, 220 Va. 571 (1979). Accordingly, once the Zoning Administrator showed that Mr. Emerson's operation of a vehicle light service establishment violated the zoning ordinances, and was therefore a nonconforming use of the property, Mr. Emerson had the burden of persuasion to prove that his nonconforming use was lawful.

## III. *Nonconforming Use*

Although Mr. Emerson concedes that his use of the land is nonconforming, he argues that, contrary to the decision of the BZA, his operation of a vehicle light service establishment qualifies as a lawful nonconforming use under the zoning ordinances. *See* § 20-300 of the Fairfax County Zoning Ordinances which defines a "nonconforming use" as: "a building or use, lawfully existing on the effective date of this Ordinance or prior ordinances, which does not conform with the regulations of the zoning district in which it is located." In order to establish that Mr. Emerson's nonconforming use is lawful, he must show that either:

(1) the use was lawful under the zoning ordinances in effect in 1941, or,

(2) the use was in existence prior to the enactment of the 1941 zoning ordinances.

Neither of these circumstances was shown.

First, in 1941, the property was zoned in the Rural Residential District. This category permitted customary home occupations but specifically did *not* permit commercial vehicle repair.[1] Thus, commercial vehicle repair was not a lawful use under the zoning ordinance of 1941. Mr. Emerson did not show that use of the property for commercial vehicle repair was a lawful customary home occupation in 1941.

Second, no evidence showed that use of the property as a commercial vehicle repair service preexisted the 1941 zoning ordinances. To bridge this evidentiary gap, Mr. Emerson urges the Court simply to presume that the use of the property was lawful during the period before the Emersons acquired it. However, such a presumption is not warranted by these facts. No evidence was presented at all regarding the property prior to the family's acquisition of it in 1949.

However, even assuming, arguendo, that the use was a lawful nonconforming use, the Zoning Administrator urges that the use has been improperly enlarged or extended and, therefore, is no longer valid. Fairfax County Zoning Ordinance § 15-103(1) (1997). Moreover, the Zoning Administrator claims any lawful, nonconforming use lapsed because the garage did not exist on the property for several years, and any later use of the land must conform to the then current zoning regulations. *Id.* at § 15-103(5).

By his own admission, the original garage in which Mr. Emerson conducted his vehicle repair business burned down in the early 1980's and was not replaced until 1988, when a two-car garage was constructed and used. Although Mr. Emerson contends that the use as a vehicle light service establishment never lapsed because he could perform this work without the garage building, he explained that he had enlarged his business when he retired, turning a part-time business into a full-time business. Thus, the evidence showed that Mr. Emerson enlarged his use of the property, both in scope and extent. Because Mr. Emerson did not show that the BZA applied erroneous principles of law or that its decision was plainly wrong and

---

[1] BZA Record p. 82. In 1941, the applicable zoning regulation did not permit *commercial vehicle repair*, while the current applicable zoning regulation does not permit *vehicle light service establishments*.

in violation of the purpose and intent of the zoning ordinances, the decision of the BZA is affirmed.

## IV. *Laches*

Mr. Emerson urges the Court to apply the equitable doctrine of laches to prevent the County's enforcement because this zoning regulation has not been enforced against his property for over forty years. Further, he argues that equitable principles should apply in this matter, as this business is now Mr. Emerson's sole source of income, and Mr. Emerson is no longer able to work away from the home due to both his and his wife's medical conditions. However, equitable defenses, such as laches and estoppel, simply do not apply to a local government when it acts in a governmental capacity, as it does when enforcing zoning laws. Although this is a minority view, it has recently been reaffirmed by the Virginia Supreme Court. In *Dick Kelly Ent. v. City of Norfolk*, 243 Va. 373, 381 (1992), a zoning enforcement case, the Virginia Supreme Court refused to apply the doctrine of laches in favor of a landowner who had been operating an apartment building in a building zoned for a motel for six years before the zoning regulations were enforced.

## V. *Appropriateness of the BZA Hearing*

Mr. Emerson asserts that the BZA acted inappropriately by not continuing his hearing to a date when every member of the BZA was present. However, five of the seven members of the BZA were present at Mr. Emerson's hearing, and this number satisfies the requirement for the presence of a quorum.[2] While the law requires Mr. Emerson to receive the concurring vote of a majority of the board members to reverse the decision of the Zoning Administrator, the Virginia Code does not require that every member be present before such a vote may take place. Va. Code Ann. § 15.1-496.2 (1996). The Court finds that the BZA acted in accordance with the law and was not required to continue the hearing until such time as the full board might be present.

---

[2] *See* Va. Code Ann. § 15.1-494 (1997) which states: "For the conduct of any hearing and the taking of any action, a quorum shall be not less than a majority of all the members of the board."

## VI. *Conclusion*

Mr. Emerson has not proven that the BZA applied erroneous principles of law, nor that it was plainly wrong and acted in violation of the purposes and intent of the zoning ordinance. His nonconforming use of the property is not lawful and cannot continue. Further, the doctrines of laches and estoppel are not applicable in this matter as Fairfax County acts in a governmental capacity in enforcing its zoning ordinances.

The Court sustains the decision of the BZA and finds Mr. Emerson's use of the property as a vehicle light service establishment to be in violation of the zoning ordinances. Mr. Emerson shall cease the operation of his vehicle light service establishment within thirty days of the date of the order entered contemporaneously herewith and shall be enjoined from the operation of a vehicle light service establishment on his property.